John Hemphill, Appellant, *v.* D. M. Pry, Executor of the will of John T. Fredericks, and Sarah E. Marks et al., Terre-Tenants.

*Decedents' estates—Orphans' court sale—Mortgage.*

The orphans' court can order the sale of, or that a mortgage be given on, the real estate of which a decedent dies seized, or so much thereof as may be necessary to pay his debts, but it has no authority to direct the sale of an undivided interest therein that has been devised to a particular person, to the relief of other devisees.

Where an executor after the lien of decedent's debts has expired obtains with the consent of the devisees an order of court permitting him to mortgage the land for payment of the debts, and there is nothing to show that any of the devisees did more than agree that there should be paid out of his or her share of the estate his or her share of the debt, the mortgagee cannot, after it has been judicially determined that the shares of certain of the devisees who were minors were not bound by the mortgage, collect the whole amount of the mortgage from the shares of the other devisees.

Argued Oct. 19, 1898. Appeal, No. 105, Oct. T., 1898, by plaintiff, from order of C. P. Washington Co., May T., 1896, No. 122, staying writ of levari facias. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to stay writ of levari facias.

From the record it appeared that Rev. J. T. Fredericks died July 21, 1886, testate and seized of certain real estate in Washington county, leaving to survive him his widow, Mary Fred-

ericks, now deceased, and four children, William J., John D., David P. and Sara E., intermarried with S. F. Marks.

In February, 1895, almost nine years after the death of Mr. Fredericks, D. M. Pry, the executor named in his will, presented his petition to the orphans' court of Washington county praying for an order permitting him to mortgage decedent's real estate for the payment of debts.

An order was thereupon made by the court to mortgage for the payment of two notes not under seal, given by the decedent in his lifetime to Margaret Hemphill, for $1,000 each, dated respectively April 1, 1884, at twelve months, and September 1, 1885, at one year. These were the only debts of the decedent. At the time the order to mortgage was made both of these notes were, upon their face, barred by the six years' statute of limitation; and no proceeding had been taken, under the act of February 24, 1834, to keep alive the lien of these debts as to the decedent's real estate.

In pursuance of said order a mortgage in the sum of $2,000 was executed and delivered by D. M. Pry, executor, to John Hemphill, the husband of Margaret Hemphill, he being the then owner of the two notes. The notes were surrendered by Hemphill to Pry, the mortgage being substituted for them. The mortgage not being paid at maturity Hemphill caused a writ of scire facias, directed to D. M. Pry, executor, to be issued upon it. The writ was not served upon the heirs of the decedent, nor were they given any notice of the foreclosure proceedings. They, however, upon their petition to the court, were allowed to intervene and to be made parties defendant on the record. Affidavits of defense were filed by them, the case was put at issue and tried, the result of the trial being a verdict in favor of Hemphill, the plaintiff, and judgment thereon, March 24, 1897, for $2,368,65.

From this judgment W. H. Fredericks, who some time prior to the making of the aforesaid order to mortgage had become the purchaser of the interests of John D. and David P. Fredericks in their father's estate, took an appeal to the Supreme Court. Neither William J. Fredericks nor Sarah E. Marks, (the latter being the appellee in the present case) joined in the appeal, Mrs. Marks's reason for not doing so being, as she states in her petition, "that from the inception of the proceed-

ings to the above number and term she has recognized the moral obligation resting upon her to pay her proportionate share of plaintiff's debt." The appeal of W. H. Fredericks was taken to No. 73, October term, 1897, and is reported in 183 Pa. 593.

The opinion and decree in Fredericks's Appeal were handed down on January 4, 1898. On January 11, 1898, Hemphill, the plaintiff, caused a writ of levari facias to be issued to No. 90, February term, 1898, E. D., directing the sheriff to sell the land described in the mortgage, " excepting however, the undivided interests therein of John Donnan Fredericks and D. P. Fredericks, devisees under the will of Rev. J. T. Fredericks, which undivided interests were sold and conveyed to one W. H. Fredericks." Thereupon Mrs. Marks presented her petition praying the court " to stay said execution and sale as to her interest in the land, and to reconsider, set aside, modify or control said judgment and the execution thereon, so as to prevent wrong and injustice from being done to her, and to grant her such other and further relief in the premises as to the court may seem proper." Upon this petition a rule to show cause was granted, an answer was filed by Hemphill and the case placed on the argument list.

The opinion of the court below was as follows :

This rule is to be determined upon the petition and answer filed, and the record of the case which culminated in the judgment that the plaintiff seeks to enforce.

The judgment entered upon the verdict of the jury was, in effect, that the plaintiff could sell the real estate covered by the mortgage of D. M. Pry, executor, unless the terre-tenants, W. H. Fredericks, W. J. Fredericks and Sarah E. Marks, paid to him the sum of $2,368.65. W. H. Fredericks owned an undivided two-fourths interest, W. J. Fredericks owned an undivided one-fourth interest and Sarah E. Marks owned an undivided one-fourth interest in the land mortgaged, and in equity each one was bound of this sum to pay a share equal to the share he owned in the land ; and more than this, the plaintiff, if there had been no appeal, could not have issued an execution to collect the whole of this amount directing that the sheriff sell the interest of the decedent in said land " except

what was owned by W. H. Fredericks." If W. H. Fredericks, however, had paid his proportionate share of said debt, he might have issued his execution to collect the balance of said judgment and directed that the interest of decedent in said land be sold " excepting the undivided interest of W. H. Fredericks." And the same way if three interests had been paid, he could have confined the sale to the one interest the ˚owner of which had not paid.

W. H. Fredericks, however, did not pay his share of the indebtedness evidenced by this judgment, but he took an appeal to the Supreme Court, and the Supreme Court reversed the judgment as to him. The question for us now to determine is, what effect, in equity, did that reversal have upon the judgment. In our opinion it would be highly inequitable to say that it increased the liability of the two remaining terre-tenants, and that the plaintiff could now issue an execution for the collection of his whole claim out of their interests,—a thing, as we have said, he could not have done before the appeal was taken. The true effect, therefore, of the decree of the Supreme Court is that the plaintiff has lost the half of his judgment which W. H. Fredericks, before the appeal, stood bound to pay; that much of his claim the Supreme Court holds has been barred by the statute of limitations and the act of 1834. It must be remembered that when the mortgage which was foreclosed was given, the statutory lien of the debts of the decedent, J. T. Fredericks, had expired, and the collection of the notes of the plaintiff, on their face, was barred by the statute of limitation, and that the plaintiff obtained his judgment on the theory that the heirs or devisees had agreed that the executor might extend the time of payment. But there is nothing in the evidence upon which the recovery was had that shows that any of the devisees did more than agree that there should be paid out of his or her share of the estate, his or her share of the debt. Therefore when the Supreme Court say that the agreement of the two devisees who transferred their interests to W. H. Fredericks was not binding on them, it leaves one half the plaintiff's claim just as it was before the agreements were made, barred by the statute of limitation.

It will not do to say that each of the devisees was bound to pay the whole of the plaintiff's claim with the right of contri-

bution from the others if he did so. That might have been the case while the testator's debts were a lien on the land devised to them, but the moment the five years expired each held his undivided interest in the real estate unincumbered, and the plaintiff's claim after that rested not upon the promise to pay of the decedent, but upon the individual promises of the devisees that each would pay his share of the debt. And when the four devisees agreed with the executor that he could pay the interest on the plaintiff's notes and keep them alive, it cannot be inferred in the absence of proof to that effect that each thereby intended to pledge his undivided one-fourth interest in the land for the payment of the whole of the plaintiff's claim, but the presumption is that each intended his liability to be coextensive with his share in the land afterwards mortgaged by the executor. Again : The plaintiff in this case has issued a levari facias sur mortgage, directing the sheriff to sell "all the right, title and interest of J. T. Fredericks, deceased, in the hands of D. M. Pry, the executor of his will, of, in, to and out of all that tract of land," etc., "excepting, however, the undivided interests therein of John Donnan Fredericks and D. P. Fredericks, devisees under the will of Rev. J. T. Fredericks, which undivided interests were sold and conveyed to one W. H. Fredericks."

This is not the property pledged by the mortgage for the payment of the plaintiff's debt. And more than that, D. M. Pry, executor, even with the consent of the orphans' court, could not have given a valid mortgage to raise money to pay or secure the plaintiff's debt that would have only covered the undivided interest of W. J. Fredericks and Sarah E. Marks (leaving out the undivided interest owned by W. H. Fredericks) at least without their express consent. The orphans' court can order the sale or that a mortgage be given on the real estate of which a decedent dies seized. or so much thereof as may be necessary to pay his debts, but it has no authority to direct the sale of an undivided interest therein that has been devised to a particular person to the relief of other devisees. If, therefore, D. M. Pry, executor, could not have given a mortgage on the real estate of the decedent which would have only covered the undivided interests therein devised to W. J. Fredericks and Sarah E. Marks to secure the payment of the whole of the

plaintiff's claim, how can the plaintiff now issue a levari facias that amounts to the same thing. It has been argued that the petitioner has no cause of complaint (I quote from the plaintiff's brief) that " this is no hardship upon Mrs. Marks, for she has evinced her satisfaction with the judgment, never having tried to reverse it. Vigilantibus et non dormientibus leges subveniunt."

She never complained, and does not now complain, of the judgment entered in this court on March 24, 1897. That judgment required her to pay but one fourth of the plaintiff's indebtedness; this she is now willing to do. She did not appeal because she was willing that her property should be sold on the judgment as it then stood. On January 3, 1898, the Supreme Court reversed the judgment as to W. H. Fredericks, and now the plaintiff seeks to make her pay one half of his indebtedness in place of one fourth thereof. He issues a levari facias, which he could not have issued on the judgment from which she did not appeal. He has released one half of the property covered by the mortgage and seeks to collect his whole debt out of the other half. On that question she never has been heard and never has had a day in court. It must be remembered that the mortgage was not executed by the petitioner, and she did not pledge her interest in the real estate devised to her to pay the plaintiff's claim. And the executor could not pledge it to secure the whole of his claim to the relief of other devisees, without her consent, and she now says she never consented to pay more than her share of the indebtedness, and this she is still willing to do.

And now, April 11, 1898, this rule came on to be heard and was argued by counsel whereupon, upon due consideration, it is ordered, adjudged and decreed that the plaintiff be and he is hereby restrained from collecting from Sarah E. Marks more than one fourth of the principal and interest of his judgment, and that upon the payment to him or his attorney of record (or into court if he refuses to accept the same), the one fourth of said judgment and interest and the costs, said judgment shall be marked satisfied as to Sarah E. Marks, the petitioner; the payment of all the cost by the petitioner not to prevent the collection for her use of one half of the costs from W. J. Fredericks on a levari facias against his interest.

On April 12, 1898, Mrs. Marks, in obedience to the decree of the court paid into court, counsel for Hemphill having declined to take the money, the sum of $770.12, $629.73 of this amount being one fourth of the debt and interest of plaintiff's judgment, and the remaining $140.39 being the entire amount of the costs.

*Error assigned* was decree of the court, quoting it.

*H. M. Dougan*, for appellant, cited Dorris v. Erwin, 101 Pa. 244; Hartman v. Ogborn, 54 Pa. 120; Kennedy v. Baker, 159 Pa. 146; Murray v. Weigle, 118 Pa. 159; Shryock v. Buckman, 121 Pa. 248; Hemphill v. Pry, 183 Pa. 593; Myers v. South Bethlehem Borough, 149 Pa. 85; DeChastellux v. Fairchild, 15 Pa. 18.

*J. C. Ewing*, for appellee, cited Taylor's Executors v. Maris, 5 Rawle, 57; 1 Story's Equity Jurisprudence, sec. 475.

PER CURIAM, October 31, 1898:

The decree in this case is affirmed on the opinion of the learned court below